UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


NOEL DEAN  (#309740)

VERSUS                                                                              CIVIL ACTION

HOWARD PRINCE , ET AL                                             NUMBER 09-117-FJP-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on May 18, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NOEL DEAN  (#309740)

VERSUS                                                              CIVIL ACTION

HOWARD PRINCE , ET AL                              NUMBER 09-117-FJP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies.  Record document number 9.  The motion is not opposed.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, Lt. Holiday and Sgt. Richard Abadie.  Plaintiff alleged that Lt. Holiday sprayed him with a chemical agent without provocation in violation of his constitutional rights.

Defendants[1] moved for partial summary judgment relying on  a statement of undisputed facts, the affidavit of Rhonda Z. Weldon and the results of Administrative Remedy Procedure ("ARP") number EHCC-2008-641.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in

---

[1] Lt. Holiday was not served with the summons and complaint and did not participate in the defendants' Motion for Partial Summary Judgment.

evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint before filing his § 1983 complaint.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately

bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff alleged that on May 11, 2008, Sgt. Abadie ordered him to come to his cell bars to be restrained. Plaintiff alleged that Sgt. Abadie moved to the side and Lt. Holiday came to his cell bars and sprayed him with a chemical agent.

In his complaint, the plaintiff identified ARP EHCC-2008-641 as the administrative grievance in which he exhausted available administrative remedies regarding the claims raised in the complaint.[2]

The summary judgment evidence showed that on May 28, 2008, the plaintiff filed an administrative grievance complaining that he was subjected to excessive force on May 11. The administrative grievance was assigned as ARP EHCC-2008-641, but was placed on backlog because the plaintiff had another administrative grievance pending within the system.[3] The summary judgment evidence showed that ARP EHCC-2008-641 was accepted at the first step of the two step procedure on December 22, 2008.[4] The First Step of the ARP was denied on January 23, 2009.[5] Plaintiff proceeded to the Second Step on

---

[2] Complaint, p. 4.

[3] Defendants' exhibit B.

[4] *Id.*

[5] *Id.*

February 20, 2009.[6]  The summary judgment evidence showed that at the time the plaintiff filed suit on February 26, 2009, prison officials had not responded to the administrative grievance at the Second Step.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint before filing suit.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for partial summary judgment be granted, dismissing the plaintiff's complaint for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis status.[7]

Signed in Baton Rouge, Louisiana, on May 18, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[6] *Id.*

[7] *Underwood v. Wilson*, 151 F.3d at 296.